**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANI S. NARVASA, | No. 17-15163 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02369-KJM-EFB |
| v. | |
| U.S. BANCORP, DBA U.S. Bank, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and MURPHY,[**] District Judge.

Fernani Narvasa ("Narvasa") appeals the Federal Rule of Civil Procedure ("Rule") 12(b)(6) dismissal of her action against U.S. Bancorp ("Bancorp") which relied on preemption through the National Bank Act ("NBA"), 12 U.S.C. § 24, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

its corresponding regulations, 12 C.F.R. § 34.4(a)(9) (2018). We decline to address the preemption question and affirm on the alternative ground that the complaint failed to adequately allege a plausible theory of liability.

Narvasa's claims stemmed from an alleged violation of California Civil Code § 2923.6(f)(3) (2017) (repealed 2018), which required the lender to provide certain information *if* "the denial is the result of a net present value calculation." Narvasa's complaint alleges the bank denied her loan modification application based on net present value ("NPV"), but the actual denial notice, attached as an exhibit to the complaint, does not explicitly state or impliedly suggest that the modification was denied on this basis. Although we usually must accept allegations stated in the complaint as true for purposes of a Rule 12(b)(6) dismissal, "we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing*, *Inc.,* 143 F.3d 1293, 1295–96 (9th Cir. 1998).

Here, the denial letter sent to Narvasa contained a "Loss Mitigation Review Determination Summary," which identified fifteen different types of loan programs

and provided an explanation why the bank denied her loan for each.[1] None mention NPV.

Narvasa concedes as much in her reply brief, but argues that "her counsel's discussion with USB's representative confirmed that the denial was indeed based on the NPV calculations." This, however, is not what the complaint alleges. Narvasa alleges her counsel contacted Bancorp to discuss the denial, but she does not allege that during that conversation the bank admitted the denial was based on NPV. Rather, she alleges only that the Bancorp representative stated the bank did not need to *provide* its NPV calculations and that it "never provide[s] such information." This is not a concession that NPV was actually the *basis* for the denial under any of the fifteen programs.

Because Narvasa did not adequately allege a violation of California Civil Code § 2923.6(f)(3), we affirm the district court's dismissal of Narvasa's complaint.

**AFFIRMED.**

---

[1] Reasons proffered included "your loan is not a second lien mortgage," "the account is due more than eleven contractual payments at this time," "an account was previously modified under this program on your behalf making you ineligible for this program again," and "the application indicated that you wish to retain home ownership, therefore the account was not reviewed for this program." The remaining appear to have been denied based on the borrower's income: "We are unable to create an affordable monthly payment amount without altering your account beyond the program limitations," and "your income is insufficient to support a repayment plan."